JOSEPH MARTIN et al., Plaintiffs, *v.* NATIONAL HOUSE & FARMS ASSN., INC., Defendant.

City Court of the City of New York, Special Term, Bronx County, June 16, 1949.

*Aaron L. Rush* for plaintiffs.

*Otterbourg, Steindler, Houston & Rosen* for defendant.

SPECTOR, J. This is a motion by defendant to vacate and set aside its default in answering or otherwise moving with respect to plaintiffs' amended complaint.

Plaintiffs commenced their action by serving a copy of the complaint with the summons on the 11th day of April, 1949. Pursuant to section 49 of the New York City Court Act, the defendant had six days in which to answer or move, thereto. The defendant timely moved to dismiss the complaint for legal insufficiency. This motion was granted with leave to file an amended complaint. On May 17, 1949, the plaintiff served by mail an amended complaint. The defendant moved to dismiss the amended complaint on May 31, 1949. Defendant claims this was timely, taking ten days to answer or move plus three days because of service by mail, plus one day because the last day fell upon a holiday. Effective April 23, 1949, section 49 of the New York City Court Act was amended (L. 1949, ch. 776) by giving the defendant ten days to appear or answer a summons. Defendant claims it was entitled to the benefit of this amendment.

Under section 50 of the City Court Act, " the time within which a copy of a pleading subsequent to the complaint must be served after the service of a copy of the preceding pleading, is the same number of days as stated in the summons within which the defendant is required to serve a copy of his answer after service of the summons ".

Since this was a " six days " summons, the defendant was required to answer or move within six days and not ten days. The defendant is therefore in default. Since this default was occasioned by a misinterpretation of the law, the motion to vacate the default is granted. Defendant is to answer or move within five days of the date of publication of this order. I have deemed all papers on file as part of the moving papers and find that a sufficient affidavit of merits has been submitted herein.

The companion motion to dismiss the amended complaint for legal insufficiency is denied without prejudice. Pursuant to subdivision (d) of rule IX of the Rules of the New York City Court, " where a motion is addressed to the sufficiency of a pleading, a memorandum of law setting forth the points upon which the moving party relies shall be served upon his adversary simultaneously with the motion papers, in default of which the motion will not be entertained ". Admittedly no such memorandum was served.